16 F.3d 1228
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Johnny THORNTON, Appellant,
v.
Ray HOBBS, Warden, Wrightsville Unit, Arkansas Department of
Correction; Leggett, Mrs., sued as Mrs. Legged,
Wrightsville Unit, ADC; A.L. Lockhart, Director, Arkansas
Department of Correction, Appellees.
 No. 93-2116.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 8, 1993.
Filed: January 10, 1994.
 
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Johnny Thornton, an inmate of the Arkansas Department of Correction (ADC), appeals the district court's[1] dismissal of his 42 U.S.C. Sec. 1983 action against prison officials. We affirm.
 
 
 2
 Thornton had a minimum release date of March 17, 1991. After being found guilty of a major disciplinary for assault, Thornton's release date became April 27, 1992. On March 15, 1991, however, a disciplinary hearing administrator reversed the disciplinary. For some reason, Warden Ray Hobbs failed to receive his copy of the reversal. Although the March 17, 1991 release date had been reinstated, Thornton was not released until he was able to bring the reversal and reinstatement to the attention of the records office on March 27, 1991.
 
 
 3
 Thornton filed a section 1983 action against ADC Director A.L. Lockhart, Warden Hobbs, and Records Supervisor Deborah Leggett for deliberately holding him ten days past his release date. After an evidentiary hearing, the magistrate judge[2] found that, while an error had been committed, defendants were at most merely negligent. Over Thornton's objections, the district court adopted the magistrate judge's report and dismissed the case. On appeal, Thornton reiterates his claim that the prison officials deliberately held him beyond his release date, in violation of the Eighth Amendment. He also contends that Lockhart and Leggett defaulted because they were not present at the evidentiary hearing.
 
 
 4
 The Eighth Amendment prohibits prison officials from holding a prisoner beyond his or her term, if the prisoner can show the officials acted with deliberate indifference as to whether the prisoner suffered an unjustified deprivation of his or her liberty. Sample v. Diecks, 885 F.2d 1099, 1109-10 (3d Cir. 1989). Mere negligence or inadvertence does not satisfy the deliberate-indifference standard. Choate v. Lockhart, Nos. 92-3526, 92-3369, 1993 WL 429108, * 2 (8th Cir. Oct. 26, 1993). We review de novo the district court's conclusion that no Eighth Amendment violation occurred. Id.
 
 
 5
 Thornton asserts on appeal that defendants deliberately held him beyond his term in retaliation for his filing a prior lawsuit against them. Thornton, however, presented no evidence of this claim at the evidentiary hearing. Rather, the evidence reflects that defendants corrected the error as soon as they became aware of it. The district court properly dismissed the case because defendants were at most negligent. See Daniels v. Williams, 474 U.S. 327, 330-33 (1986) (negligent injury to prisoner by prison officials not actionable under section 1983 as violation of either Eighth or Fourteenth Amendment). Thornton's remaining contention that he is entitled to default judgment against Lockhart and Leggett is meritless because they were represented by counsel at the hearing, and Thornton did not request their presence as witnesses.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas